```
Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERTO ROBLEDO, an individual, | Case No.: **'14CV0607 WQHNLS** |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| GB COLLECTS; and DOES 1 through 10 inclusive, | |
| Defendants. | |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff ROBERTO ROBLEDO (hereinafter "Plaintiff") is a natural person residing in the state of California, County of San Diego.

4. Defendant GB COLLECTS at all times relevant was a company doing business of collecting debts in San Diego County, California operating from an address at 145 Bradford Drive, West Berlin, NJ 08091.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

///

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, GB COLLECTS acquired information regarding an alleged debt (the "Debt") in Plaintiff's name.

13. On January 16, 2014, GB COLLECTS mailed Plaintiff a letter demanding payment of the Debt in the amount of $334.00.  The letter also stated that the Debt was due within seven (7) days after January 16, 2014.

14. The January 16, 2014 letter was the initial communication from GB COLLECTS.

15. The January 16, 2014 letter conflicted with and overshadowed the validation notice which provided Plaintiff thirty days from receipt of the letter to dispute and request further information regarding the Debt.

16. The January 16, 2014 letter did not advise Plaintiff that he had a right to request the address of the original creditor.

17. On January 28, 2014, Plaintiff called GB COLLECTS for information regarding the Debt.

18. On February 7, 2014, Plaintiff called GB COLLECTS to make a payment on the Debt.  During Plaintiff's call, GB COLLECTS did not provide any disclosures about it being a debt collector or that it sought to collect on a debt.

19.     Plaintiff used his debit card to make two separate payments on the Debt and GB COLLECTS charged Plaintiff $10 for each transaction.  As a result, Plaintiff paid GB COLLECTS $20 extra in fees and charges for a total of $354.00 on the Debt.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

20.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

21.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)     The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.  Defendants was misleading as it stated that the Debt was due within seven (7) days after January 16, 2014.

(b)     The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer.

(c)     The Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in the February 7, 2014 telephone call that the communication is from a debt collector.

(d)     The Defendants violated 15 U.S.C. § 1692f(1) by charging Plaintiff a fee for using his credit card, which is an expense incidental to the principal obligation not expressly authorized by the agreement creating the Debt or permitted by law.

(e)     The Defendants violated 15 U.S.C. § 1692g(a)-(b) by sending a demand for payment which overshadows, or creates confusion about, the disclosure of the consumer rights.

(f)     The Defendants violated 15 U.S.C. §1692g(a)(5) by failing to notify Plaintiff that he had a right to request the address of the original creditor.

20. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

21. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

22. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

23. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

25. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c); and

//
//

(d) For such other and further relief as the Court may deem just and proper.

Date: March 17, 2014

                                 __/s/ Jeremy S. Golden_____
                                 Jeremy S. Golden,
                                 Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: March 17, 2014

                                 __/s/ Jeremy S. Golden_____
                                 Jeremy S. Golden,
                                 Attorney for Plaintiff